Thank you, Your Honor. My name is Liborius I. Agwara. I am the appellant, as well as the previous counsel for Ms. Rios in her now concluded civil action against Wal-Mart. Let me start by letting the panel know that I would like to reserve about two minutes for a rebuttal, if that's okay. All right. Yes, keep track of your own time, please. Thank you, Your Honor. Mr. Agwara, could you help me on something that's been puzzling to me about this case? Usually an interpleader is filed by the party that holds or controls a disputed sum of money where there are disputed claims to it. And that would really be the law firm you're adverse to, blocking somebody, blocking the bill or something. It doesn't matter what their name is. In this case, you filed it. Now, the reason that the holder of the money or control of the money usually files the interpleader is to protect themselves from having to pay the money twice. In this case, you have no risk of paying the money twice. You're trying to get the money that's owed to you under your attorney's lien. I don't understand why this isn't just a lawsuit by you against Block and LaBelle or whatever their successor firm is for the money you had a lien on and that they paid to other lienors and didn't protect your lien on. If the liens exceeded the amount of money, then I would have thought that they would just ask the court what to do and there would be some sort of marshalling of the liens and the money. May I respond, Your Honor? Yes. Can you hear me? Yes. Okay. But, Your Honor, Nevada law is actually the opposite of what you just stated. And I know this for sure because I argued before the Nevada Court of Appeals in the case of Aguara v. Christiansen, which I cited in my opening brief. It was my position that the other law firm did not possess the funds and could not file an interpleader. Well, the court disagreed with me and said no. Under Nevada law, any lien holder whose lien has been protected can file an interpleader whether or not they have the funds. So that's the law that I relied on when I filed the interpleader. It is a case that I cited in my brief, and I was the party that argued basically the question you asked right now, and I was shut down and told no, anybody who has a lien can file an interpleader. It doesn't have to be the person holding the money. But, Mr. Aguara, you filed that interpleader after you had already filed the notice of the attorney's lien in federal court, did you not? I don't believe the notice of attorney's lien was filed in the federal court. I did perfect it in accordance with the Nevada revised statute by sending my notice of lien to the attorney for Ms. Rios and also sending it to Walmart and East Council by certified mail. Okay. All right. Regardless of which one came first, what I don't understand here, I know you filed this interpleader action under Nevada law, but this whole case involving Rios against Walmart was in federal court, was it not? That's correct, John. And why isn't federal court the appropriate jurisdiction to decide the question of how much you should receive for the work you put in for Rios in that case against Walmart? Your Honor, the original case, which was Rios versus Walmart, had concluded, the case had closed. The defendants in the interpleader are completely different from the defendant in the original case. But counsel, I think Judge Fischer's point is the attorney's fees you're seeking are fees that were expended for your time in the federal case, right? Yes, Your Honor. So I think the question that Judge Fischer is asking is if you're seeking to be compensated for time you spent in a federal case, why wouldn't it be the federal court that would decide how much you get? Your Honor, it wasn't a question of, to me, whether or not it would be federal or state, provided there was basis. For me, I didn't think there was basis to go into federal court because there was no federal question, number one. Number two, there was no diversity of citizenship. So I had to overcome 28 U.S.C. section 1441. What about 28 U.S.C. 1367 dealing with supplemental jurisdiction? Why wouldn't this be within the supplemental, sometimes called ancillary, jurisdiction of the federal court? Well, Your Honor, I'm glad you asked that question. For supplemental jurisdiction to exist, there has to be pendent in the U.S. federal district court, okay, a case for which the district court has an original jurisdiction. There was none pendent at the time I filed the interpleader. The original Rio's case had been concluded and was over. So if you look at 28 U.S.C., I believe, 1367, small letter C, number three, it talks about, you know, cases that were dismissed. Even though this was not dismissed, this was already concluded. So there was no basis for me, either under 1367 or 1441, to bring the interpleader as a separate action in federal court. So counsel, then your view would be if the state court judge said, for example, well, I can't do anything here. This is time you spent in federal court. I'm not going to decide how much time you should get when you were working on a federal case. Then if that were the case, you would have no place to go because the federal court wouldn't have supplemental jurisdiction and the state court would say, well, this isn't our problem. Only the federal judge can decide how much you should get. Then in your view, if that were to happen, you would be entitled to nothing? No, Your Honor. I would just appeal that decision by the state court to the Nevada Supreme Court. Because I think the state court can make that decision. Because the laws, the controlling case is a Nevada State Supreme Court case. Blythe v. Allen. And that dealt with the federal court attorney's fees? No, it did not specifically deal with federal court attorney's fees. It dealt with attorney liens and when they're supposed to be protected and whether or not the counsel representing the plaintiff could rely on his contract for his employment as counsel. Basically, what that case says is that Blythe v. Allen, in this case, did not perfect its lien because there was no lien given to it by Ms. Rios, even though... Counsel, you're down to about one minute. Did you have another question? Oh, I do. Staying on the question of which is the appropriate forum, why isn't having your claim for attorney's fees in state court a waste of judicial resources when the case that the fees involved was clearly the federal case that you filed on behalf of Rios back in 2011? You know, because I couldn't overcome 28 U.S. Code 1367 and 1441. I couldn't bring that case because... Well, you didn't have to bring the case because you noticed counsel, you filed the notice of the attorney's lien, and they moved to have it adjudicated in federal court. And it was adjudicated. Now, whether it was adjudicated correctly or incorrectly, why should there be a redo of this case in the Nevada state courts? Isn't it a waste of judicial resources? I filed it in a plea before they filed a motion to adjudicate. Okay. All right. So, counsel, I will give you two minutes on rebuttal, even though you've exhausted your time. Thank you. So we'll now hear from Mr. Graff. And, Mr. Graff, you have, just to be clear, you have, I know you'd ask the question of the clerk, but just to be clear, you have 10 minutes and one time only to argue. Thank you, Your Honor. I appreciate the clarification. May it please the Court, Judges Kleinfeld, Bennett, and Fisher, I represent the appellee, Ms. Rios, in this action. Thank you, Your Honor. I appreciate that for reminding me. Sometimes we forget when we're wearing them, right? I haven't worn one in weeks, and so I was just wearing it because I was told. I apologize. Your Honor has asked some questions before we got here today, and they revolve around this jurisdictional question that the Court was talking about. And I think it's important to talk about the timing of this, Your Honor. Mr. Aguirre is correct. He filed his interpleader action in the state court, and we moved to remove it into this federal court. And that's where this has become sort of a bar question. It becomes an issue of whether or not this Court needs to determine whether or not his interpleader action does not have diversity jurisdiction or did our motion to dismiss sort of extinguish his claims and thus the diversity jurisdiction of the underlying case continue. Because under 1441, Your Honor, this court would maintain or the district court would maintain jurisdiction for original jurisdiction, and it did have that originally. Mr. Aguirre's interpleader case was an attempt to get rid of the diversity jurisdiction by naming all the lien holders, including the firm and himself. I'm sorry, Judge Blanco. No, no, please go ahead. I understand you removing it had to get the same court to adjudicate his attorney's fees. But when you removed it, it wasn't a motion or anything that was bringing it into the original federal case. It was an entirely separate case, wasn't it? It was, Your Honor, at that point in time. So what you did was remove a plainly nondiverse case that was entirely separate from the case that had been litigated in federal court. I don't know how that would create federal jurisdiction to do anything. So the removal itself, Your Honor, that was utilized invoked the prior jurisdiction of the prior case. We had always intended on filing that motion to dismiss. NRS 18.015 is the statute that allows for the attorney's lien. That subpart four of that statute then says that the attorney then has to, in fact, you perfect it and everything else. We're not here to talk about that. He perfected his lien. He went through. And it's just a matter of which court do we go to to have an adjudication of these rights, how much he's owed. So, counsel, let's say we were to find that this case was improperly removed, that there's no 1441 jurisdiction. Is it your position that even if 1441 didn't provide jurisdiction, that the district court nonetheless had jurisdiction under 1367? I agree, Your Honor. I wasn't stating that as a proposition. I was stating it as a question. So why don't you tell me why you think that even if we decide we don't have, there is no jurisdiction under 1441, that there is still jurisdiction under 1367? So, Your Honor, under 1367, courts have supplemental jurisdiction, supplemental jurisdiction to hear matters that are tangentially related to the underlying case. In fact, the rule states, over all other claims that are so related to claims in the action, within such original jurisdiction that they form part of the same case or controversy under Article III. That couldn't more clearly describe what we're dealing with here, Your Honor. It would and could if it was the same action. You understand my problem is it looks like it isn't. And then that gets me to one of my other arguments, Your Honor. One of my other arguments is this. Hold on. Stick with this one first. How is it the same action? I mean, if a plaintiff in a slip-and-fall sues an out-of-state defendant and they litigate their slip-and-fall case and that results in a judgment, then I understand the 1367 argument that whatever attorneys are entitled to fees or have liens or whatever can litigate them as a supplemental matter. I don't understand it when it's not in that action. Because, Your Honor, this court had or the district court had ancillary jurisdiction over that lawsuit. And there's another procedural issue or technical issue that has to be considered by this court also. Ordinarily, the jurisdiction has to be in the case. I want to make sure you understand me. I do understand you, Your Honor, and I think that it goes to the procedural results of this case. The removal was filed. The case was removed. In the removal itself, it states that it is to be consolidated in the underlying action. Mr. O'Rourke then had the opportunity to object to that. Mr. O'Rourke then had the opportunity to make a motion on that issue. He never did. So your removal expressly sought consolidation in the merits case. Now I understand what you're saying. It states it on its face, Your Honor. It states it on its face. And I have it with me today if His Honor wants to see it. And that gets me to the other issue, Your Honor. Let me stop you right there. Yes, sir. Why did you need to remove that action to get the charging lien resolved? Couldn't you have just moved to adjudicate the charging lien? And I forget if it was Judge Bennett or Judge Fischer or Judge Kleinfeld that asked the question or made the statement. Really what you're trying to determine is how much time and energy that Mr. Aguirre spent on the case. In this decision, and especially in the September 18, 2019 decision, Judge Dawson went to great lengths to say, I was here. I saw what you did. I know what you did. I know what lack of time you spent on this case. And I know those other issues. That's why it should have been brought here. And here's the other thing, Your Honor. NRS 18.015 subpart 4 just says that you make a motion to adjudicate the lien. That properly can be brought in this court. That's what I ask you. Why, in light of the fact that all you had to do was move to adjudicate the lien, did you have to move to remove the interpleader action? Because, Your Honor, then we would be doing two things at the same time. That goes towards an in rem or an in personam type argument, whether or not the state court's going to make a decision over the amount of time that Mr. Aguirre and his reasonableness of his fees was, or is the state court going to make a determination or just simply issue an order as to the money that gets disbursed, and vice versa. The same thing with the federal court. What we were asking for, Your Honors, was just to have one forum. And the other thing is, Your Honor, and again, I forget which judge mentioned it, but it's as to efficiency. Why should we have a separate case that is just trying to adjudicate that issue? If the interpleader action and all of the other defendants, and it's clearly acknowledged in the 918 order, it's clearly acknowledged by Mr. Aguirre in his pleadings, all of the other lien holders have been dealt with. It's only his issue. And that money was set aside, is still set aside in a Black and Lobello client trust account, and that firm no longer exists, but it's still in that trust account. And this federal court said in its first footnote that it chose to take ancillary jurisdiction over this issue, and this is the type of things that federal courts do take ancillary jurisdiction over. So what's our standard of review in determining whether or not the district court was correct? Lack of discretion. It's lack of discretion, Your Honor. Abuse of discretion. Yes. So the supplemental under 1367, that court has the opportunity and the discretion to decide whether or not it should take jurisdiction over that matter. It is completely inefficient to have a separate lawsuit. Think of that, too. We're not just talking about a motion like what we dealt with here in the federal court. We're talking about a completely separate lawsuit that's going to have discovery, that's going to have motion practice, that's going to have all of that entailed with it, and potentially, if he ever did get all of those other lien holders served, all of them are going to have to hire attorneys and either get dismissals or whatever, and even if it's only a couple of hours, that is wholly inefficient. The process is you file a motion to adjudicate the lien, and that's what we did, and that's what this court did. The problem that Mr. Aguirre has, he never appealed that denial or that dismissal of his interpleader action. That was untimely. To file the appeal in April of 2020. But you would agree, counsel, even if that were untimely, the appeal of the amount is still timely, yes? And that's why we're here, Your Honor. I agree. Yes. The appeal over the amount, both the cross appeal and the appeal, is properly before this court. The issue of the dismissal and the remand is not properly before this court. Well, I mean, unless we were to determine that we have no jurisdiction because the district court had no jurisdiction, in which case the failure to timely appeal, could that affect that issue? I don't think so, Your Honor. Because of the fact that the court invoked its ancillary jurisdiction over that matter and that they decided. Right. Your view is that there was jurisdiction. There was jurisdiction, Your Honor, and it was properly invoked by this court. And it should have been invoked by the court. All right. Thank you, counsel. Thank you, Your Honor. All right. So, Mr. Aguirre, you. . . Oh, I'm sorry. No, please go ahead, Judge. No, that's okay. No, no, we're fine with time. Once you got into federal court on the removal, was there a motion to consolidate the two cases, the merits case and the fee dispute? Your Honor, we did it simply by the removal. And if you look on the face of it. . . No, you couldn't do it. Only the court can consolidate cases. And that's something I looked at in the last. . . With all the candor to the panel, that's something I looked at in the last week. It was removed. The request was made to consolidate. And there was no other minute order. . . When you say the request was made, do you mean there was a request in the removal papers? There was, Your Honor. It says. . . There was. . . So there never was a separate motion to consolidate the two cases. And the court never consolidated the two cases. Is that right? There was never any minute order or anything to that effect, Your Honor. What happened was there was a submittal of the motion to adjudicate and the motion to dismiss. In the judge's decision, the district judge's decision, did the district judge recite that he had or was, by that order, consolidating the two cases? He did, Your Honor. On page 5 of the September 18th decision, he states, Thus plaintiff's action in invoking the ancillary jurisdiction of the court by removing the interpolator to the court with authority over the funds in Black and Lobello's trust account was the most efficient means of resolving the issue. And then it says, in allineation, Allowing attorney to keep funds in trust account allows maximum efficiency. Accordingly, court denies motion to remand. And then he ruled on, in the next paragraph, he ruled on the motion to dismiss. And he said under the motion to dismiss, he failed to avail himself of the procedural local rule 22.1. And because of that, he dismissed the interpolator action. Did you file a cross appeal? We did, Your Honor. And you dispute that you say Mr. Aguara should have received nothing? We did, Your Honor. And the reason why we said that is this. Mr. Aguara argued at the time of the evidentiary hearing, I say argued, he testified. He was sworn and under oath and said that he had to estimate any time that they didn't keep their time.  That associate said she was told not to keep her time, that it would be ridiculous. And then, Your Honor, there was no proof whatsoever from the Camacho case as to the reasonable rate that should have been paid. He had no other attorney come in and testify that this was the rate in the community that was reasonable as or incomparable for Mr. Aguara's skill, reputation, and abilities. What's our standard of review on the amount? Again, it's discretion, Your Honor. So ultimately, here's the issue, Your Honor. We have an offer of judgment that was received early in the case in 2014 for $125,000. Mr. Aguara subsequently gets terminated. He then asserts a lien for the entire amount of $125,000. And then he finds his total hours that he asserts in these briefs as 316 hours by just dividing $125,000 by 395. Did he say we're not accepting? And then the plaintiff won far more than the offer of judgment? I don't know if it expired, Your Honor, or if they rejected it expressly, but it was not accepted. It was not accepted. And then the plaintiff won a judgment for far more than that, a million dollars or something? With interest and everything else, it was about 700 and something thousand. And then with interest and everything, after an appeal that was brought to this court and won by my office, then we resolved the case for about $999,000. And the one thing that I'll impress upon this body as I finish is this. The lack of documentation is something for this court and the underlying court to consider. The judge in his decision in March of 2020 says that he had to recreate these entries. There was no submittal of fillings. There was no submittal of anything other than a printout of files from a Windows-type document that was done to the court. There was no estimate, no testimony, no anything. But this was the trial judge? This was the trial judge. All right.  Thank you, Your Honor. Your Honor, since we went a little bit over, I'll give you three minutes for your rebuttal instead of two. So if you could please put three minutes on the clock and whenever you're ready. Thank you, Your Honor. Let me start with a question that Judge Planfield asked and Mr. Graff actually did not answer completely. Now, the notice of removal stated that Planfield was asking that the inner pleader be consolidated with the case that had been closed in federal court, the Rios v. Walmart case. However, this is a typical case of bait and switch. Once they removed the case, what did Rios and her attorneys do? They filed a motion to dismiss the inner pleader. It was never their intention to consolidate the inner pleader with the existing case which the federal court had original jurisdiction. The only reason they put the consolidation in their notice of removal was to basically slip through and make it look like the federal court will have jurisdiction over the inner pleader. Once they got into federal court, they did not ask for consolidation. They asked for a dismissal, which was granted. So when he says, yeah, they wanted to consolidate and as a result, that's how they feel like there was jurisdiction. Well, they're not being completely honest. Number two, in their notice of removal, this expressly stated the purpose of 1441, he says, for the removal of related claims to actions pending in federal court. When the removal was done, there were no actions pending in federal court. That action was overdone. This was a whole new separate action with new defendants and a new plaintiff. Now, number three, going to what Mr. Graf spent some time on, I don't know if the court remembers this, but Ms. Rios was solicited by Black and LaBelle. They paid an associate of mine $5,000. They admitted this on the record at the hearing before the district judge that for bringing my client to them, someone who was represented by counsel, they paid her at the end $5,000 for doing no work. That's two. Now, number four, Mr. Graf talked about me not keeping the time and the records being shoddy. And I had employed three attorneys from whom I was responsible for their salaries. They were the ones that did most of the work. The district court focused on only the work that I did. These people worked for me. All right. Counsel, please conclude. Thank you. Basically, I'm asking that the court send this case back so that the inner plea that will be decided and also Ms. Rios' rights will be protected because Black and LaBelle was also a defendant and had no reason representing another defendant in the same case. All right. Thank you. Thank you, counsel. We thank both counsel for their helpful arguments, and the case just argued will be submitted.
judges: KLEINFELD, Fisher, BENNETT